**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SCHOLASTIC, INCORPORATED,
          *Plaintiff-Appellant,*

v.                                              No. 03-2310

ESCOLASTICA.COM; ESCOLASTICA.NET,
          *Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-03-199-A)

Argued: May 5, 2004

Decided: June 7, 2004

Before WILKINSON and WILLIAMS, Circuit Judges,
and Bobby R. BALDOCK, Senior Circuit Judge of the
United States Court of Appeals for the Tenth Circuit,
sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Ronald Marc Daignault, JONES DAY, New York, New York, for Appellant. Samuel Rosenthal, CURTIS, MALLET-PREVOST, COLT & MOSLE, Washington, D.C., for Appellees. **ON BRIEF:** Jennifer A. Hamilton, JONES DAY, New York, New York; Gregory M. Poehler, PENNIE & EDMONDS, L.L.P., New York, New York, for Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

In this trademark infringement case we must decide whether the domain names "Escolastica.com" and "Escolastica.net" are likely to be confused with the famous trademark "Scholastic." We agree with the district court that they are not.

I.

Corporacion Mexico Escolastica, S.A. de C.V. (Escolastica) is a Mexican corporation that owns the rights to the internet domain names "Escolastica.com" and "Escolastica.net." (Domain Names). Escolastica sells an internet-based computer application to private schools in Mexico. Essentially, Escolastica creates private, password-restricted web pages for schools, allowing teachers and students to communicate when they are not on school grounds. For example, teachers can post homework assignments or test results on their school's website, and students or parents can access that information from their home computer using a password. Scholastic, Inc., a leading seller of educational materials in the United States and worldwide, offers, in addition to its other product lines, a service similar to Escolastica's on its web site "Scholastic.com."

Scholastic filed suit against the Domain Names in an *in rem* proceeding, alleging that the Domain Names violate Scholastic's registered trademark, "Scholastic," in violation of 15 U.S.C.A. §§ 1114 (West 1997) (trademark infringement), 1125(a) (false designation of origin), 1125(c) (trademark dilution), and 1125(d) (cyberpiracy) (West 1998 & Supp. 2004). (J.A. at 12, 25-26.) The parties moved for summary judgment. Because the case was an *in rem* proceeding, it was scheduled for a bench trial. During argument on the motions for summary judgment, the parties agreed that there was no dispute as to the underlying facts, only as to the inferences to be drawn from those

facts, and agreed that case was ripe for final disposition by the district court. The district court granted summary judgment in favor of Escolastica, concluding that consumers were unlikely to be confused by the Domain Names. Scholastic now appeals.

## II.

### A.

We review the grant of summary judgment de novo. *Canal Ins. Co. v. Distrib. Servs., Inc.*, 320 F.3d 488, 491 (4th Cir. 2003). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Canal Ins. Co.*, 320 F.3d at 491-92. Here, a factual determination as to the likelihood of confusion underlay the district court's grant of summary judgment to Escolastica. The district court was within its summary judgment authority to make this determination because "the parties, having prepared for a bench trial, agreed to submit the voluminous record to the court for dispositive decision at the time of the summary judgment motions," and because "the parties did not contradict one another's proffered facts, but only disputed the inferences that a fact finder would draw from those underlying facts." *Int'l Bancorp, LLC v. Societe des Bains de Mer*, 329 F.3d 359, 362-63 (4th Cir. 2003), *cert. denied*, 124 S. Ct. 1052 (2004). Accordingly, we review the district court's "legal determinations de novo" and "its findings of fact for clear error." *Id.*

### B.

A plaintiff alleging causes of action for trademark infringement and unfair competition must prove (1) that it possesses a mark; (2) that the defendant used the mark; (3) that the defendant's use of the mark occurred "in commerce"; (4) that the defendant used the mark "in connection with the sale, offering for sale, distribution, or advertising" of goods or services; and (5) that the defendant used the mark in a manner likely to confuse consumers.

*People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001) (hereinafter *PETA*). In the instant case, the district court concluded that Scholastic failed to produce any evidence to satisfy the final element.

"The unauthorized use of a trademark infringes the trademark holder's rights [only] if it is likely to confuse an 'ordinary consumer' as to the source or sponsorship of the goods." *PETA*, 23 F.3d at 366. To determine whether a particular use of a trademark is likely to confuse an ordinary consumer, we consider the following factors:

    a)   the strength or distinctiveness of the mark;

    b)   the similarity of the two marks;

    c)   the similarity of the goods/services the marks identify;

    d)   the similarity of the facilities the two parties use in their businesses;

    e)   the similarity of the advertising used by the two parties;

    f)   the defendant's intent;

    g)   actual confusion.

*Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1527 (4th Cir. 1984). We apply these factors with the caution that "[n]ot all . . . are always relevant or equally emphasized in each case." *Id.* (quoting *Modular Cinemas of Am., Inc. v. Mini Cinemas Corp.*, 348 F.Supp. 578, 582 (S.D.N.Y. 1972)). For example, "[w]here there is no evidence of actual confusion and a [fact-finder] reasonably concludes that there is no likelihood of confusion because of the differences between the marks, consideration of the remaining *Pizzeria Uno* factors is unnecessary." *Anheuser-Busch, Inc. v. L & L Wings, Inc.*, 962 F.2d 316 (4th Cir. 1992).

In this case, Scholastic has submitted no proof of actual confusion, and the district court concluded that the differences between the word

"escolastica" and the word "scholastic" made confusion unlikely. The district court also noted the substantial differences between the websites operated by the two companies. Most notably, except for a few informational pages, Escolastica's websites are inaccessible without a password and all of the text on the sites is in Spanish. In contrast, the majority of the text on Scholastic's website is in English, and most of the site is accessible without a password. Given the lack of evidence of actual confusion and the patent differences among the Domain Names, the content of the websites, and Scholastic's trademark, the district court's conclusion that an ordinary consumer was unlikely to be confused was not clearly erroneous. We agree with the district court that no ordinary consumer is likely to stumble upon Escolastica's websites while searching for Scholastic.com or, even if they happen to do so, to believe that they have accessed a website affiliated with Scholastic.

## III.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of Escolastica.

*AFFIRMED*